FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

DEC 11 2006

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:05CR162 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| RUBEN LOPEZ CAZARES, ) | |
| GENARO FAVALA-RAMIREZ, ) | |
| ELADEO FAVALA-RAMIREZ, ) | |
| HILARIO FELIX and ) | |
| MANUEL GARCIA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion for interim attorney fees by James J. Regan (Mr. Regan) as counsel for defendant Ruben Lopez Cazares (Cazares) (Filing No. 240). The motion will be granted as set forth below.

### INTERIM PAYMENTS FOR REPRESENTATION OF COUNSEL

Because of the expected length of this case and the anticipated hardship on counsel in undertaking representation full time for such a period without compensation, pursuant to paragraph 2.30A of the <u>Guidelines for the Administration of the Criminal Justice Act</u>, the following procedures for interim payments shall apply during the course of the representation in this case by Mr. Regan.

#### 1. Submission of Vouchers

Counsel shall submit to the Federal Public Defender once each month an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the twentieth day of the following month. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment **to December 1, 2006**, and shall be submitted no later than **December 11, 2006**;

thereafter, the vouchers shall be submitted each month according to the schedule outlined above. Counsel shall complete Item 19 on the form for each interim voucher. Each interim voucher shall be assigned a number when processed for payment. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the approved number of hours. This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, counsel shall submit a final voucher seeking payment of the one-third balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, it will be submitted to the Chief Judge of the circuit, or his delegate, for review and approval.

## 2. Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $500.00 without prior approval of the court. Such approval may be sought by filing an **ex parte** application with the clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed **en camera**, if

necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $500.00 on one or more interim vouchers are not considered single expenses requiring court approval.

With respect to case related travel outside of the city of Omaha, Nebraska, the $500.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500.00, the travel should receive prior approval of the court.

The following additional guidelines may be helpful to counsel:

    a.    Case-related travel by privately owned automobile should be claimed at the rate of 44.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expenses basis. Air travel in "first class" is prohibited. Counsel and persons providing services under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

    b.    Actual expenses incurred for meals and lodging while traveling outside of the city of Omaha, Nebraska, in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

    c.    Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, Fed. R. Crim. P., and 28 U.S.C. § 1825.

### 3. Further Questions or Guidance

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A, (2) the Plan of the United States District Court for the District of Nebraska, available through the Federal Public Defender, and (3) <u>Guidelines for the Administration of the Criminal Justice Act</u>, published by the Administrative Office of the United States Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address inquiries directly to the Federal Public Defender or to me or my staff.

DATED this 16th day of November, 2006.

BY THE COURT

THOMAS D. THALKEN
United States Magistrate Judge

APPROVED this 4 day of Dec̶ember, 2006.

JAMES B. LOKEN
Chief United States Circuit Judge
United States Court of Appeals for
the Eighth Circuit

4