**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR162** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **RUBEN LOPEZ-CAZARES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 374). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After a jury trial, the defendant was convicted of a one-count Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The Defendant's sentencing guideline range was 324-405 months based on a total offense level of 41 and placement in Criminal History Category I. The Defendant was sentenced to 300 months imprisonment and 5 years supervised release. On direct appeal, the Eighth Circuit Court of Appeals affirmed Lopez-Cazares's conviction.

The sole issue raised on appeal was this Court's interpretation of Federal Rule of Evidence 801(d)(2)(E).

In his § 2255 motion, Lopez-Cazares alleges: disparity of sentencing with a defendant sentenced in another district (Ground One); ineffective assistance of trial counsel (Ground Two); and the failure of the Court to lower his sentence based on a low purity of the controlled substance (Ground Three).

## DISCUSSION

### I.      *Sentencing Disparity*

Lopez-Cazares compares his case with that of the defendant in *United States v. Ward,* 814 F. Supp. 23 (E.D. Va. 1992), arguing that the cases are similar and he should receive the same proportional variance or downward departure. Lopez-Cazares presents no legal authority supporting his argument, and none exists.

In pronouncing Lopez-Cazares's sentence, after an evidentiary hearing the district court stated the following reasons:

> Well, I'm taking into consideration the factors that are listed in 18, United States Code, Section 3553(a), including the seriousness of the offense; the need to promote respect for the law; to provide for just punishment; to afford adequate deterrence; to protect the public; to provide needed educational and vocational training, medical care, or other correctional treatment. And I'm taking into account the nature of the offense, the defendant's criminal history and characteristics, the sentences available, and the advisory sentencing guideline range.
>
> I am considering the fact that the defendant did not have prior criminal history and by all accounts other than this conspiracy which was significant and an important violation of the law, in other respects he appeared to lead a law-abiding life and to care for his family.

I am considering in the need to avoid unwanted sentencing disparities the fact that Mr. Cazares, while an organizer or leader, was not the most significant person in charge of this conspiracy. I do think that Jesse Padilla played a greater role in this conspiracy than did this particular defendant.

Having said that, I am going to sentence somewhat below the guideline range.

(Filing No. 327, at 24-25.)

Therefore, in seeking to impose a "reasonable" sentence the Court considered the advisory guidelines, the factors set out in 18 U.S.C. § 3553(a), the Defendant's role in the conspiracy as compared to the other members of the conspiracy, the testimony of trial witnesses, and Lopez-Cazares's background. *See Gall v. United States,* 128 S. Ct. 586, 594-96 (2007). The Supreme Court has rejected a rigid mathematical approach to sentencing. *Id.* at 596. In short, the Court followed the approach sanctioned by the Supreme Court and the Eighth Circuit in imposing Lopez-Cazares's sentence. *Gall,* 128 S. Ct. at 594-96; *United States v. Feemster,* 572 F.3d 455, 460-61 (8th Cir. 2009). This claim is summarily dismissed.

## II.     Ineffective Assistance of Trial Counsel

In order to prove ineffective assistance of counsel, Lopez-Cazares must show (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the outcome of his case. *Keys v. United States,* 545 F.3d 644, 646 (8th Cir. 2008) (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)).

Lopez-Cazares lists eight bases upon which he believes that his counsel was ineffective. (Filing No. 374, at 43.) However, Lopez-Cazares only argues that his attorney

3

failed to present a defense of "good conduct" by allowing him to testify to aspects of his background such as his lack of criminal history, work history, legal status in the United States, and family.  (*Id.*, at 44.)  Lopez-Cazares argues that such testimony would have countered the government's evidence.

Although Lopez-Cazares has a Fifth Amendment right to testify in his own defense, trial strategy is up to counsel.  A strategy of presenting a defense of "good conduct" as described by Lopez-Cazares  in an attempt to counter the government's evidence of his participation in the conspiracy cannot be considered sound.  *Wing v. Sargent,* 940 F.2d 1189, 1192 (8th Cir. 1991).  Therefore, Lopez-Cazares has not satisfied either element of the *Strickland* test, and this claim will be summarily dismissed.

### III.    *Downward Departure Based on Drug Purity*

Lopez-Cazares argues that the Court failed to consider the purity of the methamphetamine at issue and did not reach the correct drug quantity.  The Court held an evidentiary hearing with respect to drug quantity, at which the Court considered the trial testimony as well as other factors and arguments raised. (Filing No. 327.)  Lopez-Cazares has not presented any credible facts or arguments refuting the evidence presented at trial or sentencing, and he has failed to prove either *Strickland* prong.  This claim is summarily denied.

### CONCLUSION

For the reasons discussed, Lopez-Cazares's § 2255 motion is summarily denied.

4

IT IS ORDERED:

1.     The court has completed initial review of the Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 374);

2.     Upon initial review, the Defendant's § 2255 motion is summarily dismissed;

3.     The Defendant's motions to appoint counsel, for new trial and for release (Filing Nos. 375, 388) are denied;

4.     A separate Judgment will be issued denying the § 2255 motion; and

5.     The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 28th day of September, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge